UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TORAN PETERSON,

        Plaintiff,                  CIVIL ACTION NO. 07-13524

vs.                              DISTRICT JUDGE ARTHUR J. TARNOW
                                  MAGISTRATE JUDGE DONALD A. SCHEER

MICHAEL KRAJNIK, et. al.,

        Defendants,
_____/


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be granted as Plaintiff has shown no compensable interference with his constitutional rights by the handling of his personal mail.

                                                  *   *   *

Plaintiff, while incarcerated at the Ionia Correctional Facility (ICF), in Ionia, Michigan[1] was allowed to proceed *in forma pauperis* and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on August 21, 2007, against six prison officials employed by the Michigan Department of Corrections (MDOC). He complains of the rejection of a single piece of personal mail sent to him from outside the prison. While incarcerated at Standish Maximum Correctional Facility (SMF) in November 2005, prison officials did not allow Plaintiff to receive an envelope that contained three letters from three different prisoners incarcerated at another prison. The mail was rejected because two of the letter writers had

---

[1]Plaintiff is still incarcerated at ICF.

failed to identify themselves on the outside of the envelope, nor had they paid the proper postage, in violation of prison regulations. With respect to the contents and the deliverability of the letters, all prison personal property not specifically authorized is considered contraband. PD 4.07.112, III, EE, pg. 8 (See Exhibit 8, attached to Defendants' Motion for Summary Judgment.

Plaintiff filed a grievance against Defendant Krajnik, who had initially rejected the mail. The grievance was subsequently disapproved by Defendants King (SMF resident unit manager), Alexander (grievance coordinator), Armstrong (manager of prison affairs), Ricumstrict (deputy warden of operations) and Birkett (SMF warden), who reviewed the matter at different levels of the grievance process. Claiming that his constitutional rights have been violated, Plaintiff sought compensatory and punitive damages. Plaintiff filed an Amended Complaint on November 30, 2007, essentially reiterating the allegations contained in his Original Complaint.

Defendants filed a Motion for Summary Judgment on December 13, 2007, based upon a failure to state a claim upon which relief can be granted. Defendants King, Ricumstrict, Birkett, Alexander and Armstrong stated that they could not be held liable for monetary damages under § 1983 because they lacked personal involvement in the matters giving rise to the complaint. Defendants also maintained that Plaintiff had failed to establish a constitutional violation and that, even if he had, they were protected from suit by qualified immunity.

In a response to Defendants' Motion for Summary Judgment, dated January 2, 2008, Plaintiff argued that Defendants were not entitled to summary judgment because he had not been given an opportunity to engage in discovery. While Plaintiff claimed that he

wished to file a supplemental response to the summary judgment motion at some future date, he failed to file a motion seeking an extension of time to do so. To date, Plaintiff has not filed any further response.

INTERFERENCE WITH INCOMING MAIL

Prisoners generally enjoy a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). However, a prisoner does not enjoy First Amendment rights that are inconsistent with his status as a prisoner or inconsistent with legitimate penological objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974). Generally, mail sent to a prisoner may be screened or censored pursuant to regulations and practices reasonably related to penological interests. O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987); Turner v. Safely, 482 U.S. 78 (1987). The Supreme Court has enunciated four factors used to determine the reasonableness of regulations governing prisoner mail: (1) whether the regulation is legitimate and neutral, and rationally related to the underlying government objective; (2) whether the prisoners have alternative means of exercising the right; (3) the impact accommodation would have on guards and other inmates, and on the allocation of prison resources in general; and (4) the absence of ready alternatives that fully accommodate the prisoner's rights at a de minimis cost to valid corrections goals. Turner, 492 U.S. at 89-90, 93.

I am convinced that the prison policies which resulted in the rejection of Plaintiff's mail were reasonably related to legitimate penological interests. Prison policy and directives provide prisoners with the right to carry on confidential correspondence only with attorneys, the courts, or legal assistance organizations. These regulations do not include restrictions on opening mail either to or from a prisoner's family or friends. Moreover, all

3

mail must be properly labeled with the prisoner's first and last name, identification number, and location of the prisoner. PD 05.03.118(Q).

The parties do not dispute that Plaintiff's incoming mail was rejected when he received one large envelope containing three letters from three different prisoners, two of whom had not identified themselves. (See Mail/Package Rejection, attached as Exhibit 5 to Defendants' Motion for Summary Judgment). The mail was also rejected because two of the letter writers had not paid their own postage, in violation of policy directive 04.07.112(OO)(1).

There is little doubt that a prison must screen incoming mail for security purposes, and this also includes screening mail sent among prisoners. Also, the mail regulations were neutral both on their face and in their application, and provided an alternative method for the Plaintiff to obtain the mail in question. Thus, Plaintiff could have received the letters if the three prisoners had mailed their letters separately, properly identified themselves on the outside of the mailing envelope. and then individually paid the correct postage. Since prison policy and directives provide that all prisoners' personal property not specifically authorized is considered contraband, PD 4.07.112, III, EE, prison officials properly withheld Plaintiff's mail.

Even if prison officials had not adhered to MDOC prison policies when rejecting the mail, Plaintiff still has failed to state a claim for which relief can be granted. The law is clear that in order to make out a claim under §1983, a plaintiff must prove a violation of a federally secured right. Failure to follow a policy directive does not rise to the level of a constitutional violation because a policy directive does not create a protectable liberty interest. McVeigh v. Bartlett, 52 F.3d 325 (6th Cir. 1995); Barber v. City of Salem, 953 F.2d

4

232, 240 (6th Cir. 1992)(holding that failure to comply with an administrative rule does not by itself give rise to a constitutional violation). Moreover, if the court were to deem the withholding of Plaintiff's mail a constitutional violation, no monetary damages could be recovered without a showing of physical injury. 42 U.S.C. § 1997(e); Herman v. Holiday, 238 F.3d 660, 665-67 (5th Cir. 2001). Additionally, the doctrine of immunity would dictate that no monetary damages would be recoverable against any of the Defendants in the grievance chain without a more definite showing of personal involvement. Poe v. Hayden, 853 F.2d 418, 423 (6th Cir. 1988).

For the foregoing reasons, the undersigned is persuaded that the Plaintiff has failed to present any evidence which tends to show the existence of a genuine issue of material fact. The mail received was sent by another prisoner, and thus could be read by officials permitted to regulate inmate to inmate mail. Furthermore, the envelope was found to contain three letters from three different inmates, two of whom had neither identified themselves, nor paid the proper postage, as required by prison directives. These facts are well supported and documented in the record by both the Plaintiff's own admissions in the Amended Complaint as well as the Defendants' responses and attached affidavits thereof.

Plaintiff has failed to implicate any constitutional violation by the Defendants' rejection of the mail. Accordingly, Defendants' Motion for Summary Judgment should be granted and the instant Amended Complaint dismissed. Given this recommendation, Plaintiff's Motion for Sanctions (Docket #26) should be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Tarnow's acceptance thereof is waived.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED: January 23, 2008

_____

### CERTIFICATE OF SERVICE

I hereby certify on January 23, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 23, 2008. **Toran Peterson.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217