# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TORAN PETERSON,

    Plaintiff,

v.                                        Case No. 07-13524

MICHAEL KRAJNIK, et. al.,          District Judge Arthur J. Tarnow
                                                      Magistrate Judge Donald A. Scheer

    Defendants.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION[29];
DENYING PLAINTIFF'S OBJECTION TO ORDER TO RESPOND[27];
DENYING AS MOOT PLAINTIFF'S MOTION FOR RECONSIDERATION[20] and
RESPONSE TO MOTION TO STAY DISCOVERY[19];
DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME[31]; and
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[24]**

Before the Court are:

    I.    Plaintiff Toran Peterson's response to Defendants' motion to stay discovery, filed on November 14, 2007,

    II.    Plaintiff's motion for reconsideration of Mag. J. Scheer's order granting Defendants' motion to stay discovery, filed on November 16, 2007,

    III.    Plaintiff's objection to Mag. J. Scheer's order to respond to motion for summary judgment, filed on January 3, 2008,

    IV.    Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment, filed on February 11, 2008, and

    V.    Plaintiff's objections to Magistrate Judge Donald A. Scheer's report and recommendation entered on January 23, 2008.

In his objections to the report and recommendation, Plaintiff argues that his January 3, 2008 objection to Mag. J. Scheer's order, which had required him to respond to Defendants'

1

motion for summary judgment, was mistakenly construed as a response to the summary-judgment motion. This January 3, 2008 objection should have been heard by the District Judge under Rule 72(a) of the Federal Rules of Civil Procedure. This objection will be decided at this time.

Plaintiff argues in the January 3, 2008 objection that he was not able to engage in discovery. However, discovery should not be allowed before the preliminary issues of qualified immunity and exhaustion of administrative remedies have been resolved. A plaintiff should only be allowed discovery if he alleged facts in his complaint that, if true, would overcome the defense of qualified immunity. Plaintiff alleged in his complaint that Defendants, by rejecting his mail, deprived him of his constitutional rights through unwritten policies. However, Defendants have shown the existence of policy directives which allow the rejection of prisoner mail and have shown that their behavior conformed to the policy directives. Plaintiff acknowledges the existence of these policy directives and has not alleged any additional facts to overcome the defense of qualified immunity. Therefore, Plaintiff should not be allowed discovery and his objection will be denied.

Because Plaintiff will not be allowed discovery, his motion for reconsideration of Mag. J. Scheer's order to stay discovery and response to motion to stay discovery are moot.

Plaintiff's motion for extension of time to file a supplemental response to the motion for summary judgment was not decided. Plaintiff had enough time to file a response to the motion for summary judgment. Plaintiff could have responded to the motion in his objections to Mag. J. Scheer's report and recommendation, but he did not do so and still has not done so. Besides, Plaintiff does not dispute the existence or validity of the written policies which formed the basis for Defendants' actions. Therefore, Plaintiff is unable to establish facts which would overcome the defense of qualified immunity. For these reasons, Plaintiff's motion for extension of time will be denied.

Plaintiff's objection to the order to respond is DENIED. Plaintiff's motion for reconsideration and response to motion to stay discovery are DENIED as moot. Plaintiff's motion for extension of time is DENIED. The Court ACCEPTS Magistrate Judge Scheer's

report and recommendation, but disclaims the discussion on monetary damages as *dicta* for being inconsistent with *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003). Defendants' motion for summary judgment is GRANTED.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: June 6, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager